**UNITED STATES of America, Appellee**

v.

**Tyrone O. WILLIAMS, Appellant**

No. 01–3061.

United States Court of Appeals, District of Columbia Circuit.

May 13, 2002.

Before EDWARDS, HENDERSON, and GARLAND, Circuit Judges.

JUDGMENT

PER CURIAM.

This cause was considered on the record from the United States District Court for

the District of Columbia, and was briefed and argued by counsel. It is

 ORDERED and ADJUDGED that the judgment of the District Court is hereby affirmed. Appellant challenges the District Court's denial of his motion to suppress tangible evidence on the grounds that sufficient objective information did not support a search under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The uncontested factual findings of the District Court and more specific Supreme Court authority, however, amply support the search. Appellant concedes, as he must, that *Pennsylvania v. Mimms,* 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977), allowed the officer to order him out of his car during a traffic stop. Here, the officer noticed a bulge in appellant's pocket and furtive behavior by appellant to shield the pocket from view. Under *Mimms,* the bulge and furtive behavior gave the officer authority to conduct a limited patdown of that pocket. During the patdown, the officer contemporaneously stated that "You have crack" as the officer patted down the pocket. Appellant does not contest the factual findings of the District Court or claim that the patdown involved impermissible manipulation or palpation to determine the exact contents of the pocket. As such, the officer's limited patdown coupled with the contemporaneous observation that appellant had crack cocaine brings the search within the scope of the "plain feel" doctrine. *See Minnesota v. Dickerson,* 508 U.S. 366, 375–76, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). Therefore, the District Court committed no error in rejecting appellant's motion to suppress.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for re-hearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.